AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| ADRIAN CUERO GAMBOA | ) | Case No.   8:22-mj-2160 AEP |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of        September 13, 2022        in the county of        Hillsborough        in the

Middle        District of        Tampa        , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC § 841(a)(1), (b)(1)(A)(vi) | Possession with intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of fentanyl. |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Special Agent Casey Albanese, DEA
*Printed name and title*

Sworn to before me over the telephone and
signed by me pursuant to Fed. R. Crim. P. 4.1 and 41 (d)(3).

Date:   12/1/22

_____
*Judge's signature*

City and state:        Tampa, FL

ANTHONY E. PORCELLI, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF A**
**CRIMINAL COMPLAINT**

I, Special Agent Casey Albanese, being first duly sworn, herby depose and
state as follows:

**Introduction and Agent Background**

1.      I am a special agent of the United States Department of Justice, Drug
Enforcement Administration (DEA), and have served in that role since 2010. I am
currently assigned to the Miami Field Division, Tampa District Office, as a criminal
investigator dealing primarily in the investigation of violations of federal law within
the meaning of § 2510(7) of Title 18, United States Code. This includes the
investigation of persons who transport, sell and distribute controlled substances.

2.      While employed with the DEA, I have attended an eighteen-week
course at the DEA Training Academy in Quantico, Virginia. During this course, I
received formal training in the identification of various types of controlled substance
by sight and odor, the way in which controlled substances are packaged, marketed,
and consumed, and the effects of various drugs on human physiology. I also received
formal training that focused on the transportation and distribution techniques used
by persons involved in the transportation and distribution of illicit drugs.

3.      During my course of employment with the DEA, I have conducted
numerous narcotics investigations (to include searches, seizures, and arrests) as an
agent. I have monitored and debriefed confidential sources, sources of information,
and interviewed persons charged with and convicted of felony narcotics and other

felony offenses. I have spoken to individuals who have been involved in the use, sales and the illegal distribution of illicit drugs.  I have learned from those individuals the techniques commonly used by those involved in the transport and distribution of illicit drugs. I have worked with cooperating sources and sources of information and have learned the ways in which illicit drug traffickers operate. In addition, through my experience and training and that of more senior federal, state and local drug agents I have become familiar with the various techniques which controlled substances are imported, manufactured, distributed, and sold; and the efforts of persons engaged in the importation, manufacture, distribution and sales of controlled substances to avoid detection and apprehension by law enforcement officers. I have also become familiar with the methods used by individuals to hide, convert, or otherwise conceal illicit narcotics monies or proceeds of such activities, and the efforts of persons engaged in transportation and laundering of said illicit monies to avoid detection, apprehension, and seizure by law enforcement.

4.      The information set forth herein is based on my personal knowledge and information learned during the course of this investigation. The word "agent" is used throughout this affidavit to denote any federal, state, and local law enforcement officer involved in this investigation.

5.      Based on the evidence set forth more fully herein, I submit there is probable cause to believe that Adrian CUERO GAMBOA knowingly possessed with intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, all in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(vi).

## PROBABLE CAUSE

6.     On or about September 15, 2022, in Tampa, Hillsborough County in the Middle District of Florida, a marked Hillsborough County Sheriff's Office (HCSO) vehicle conducted a traffic stop of a blue Volkswagen Passat. The driver and sole occupant of the vehicle, identified as CUERO GAMBOA, was observed to be utilizing his cellphone while operating the vehicle. CUERO GAMBOA was stopped on U.S. Highway 301 N and Maple Lane in Tampa, Florida.

7.     Based on my training and experience, it is a violation of Florida to operate a motor vehicle "while manually typing or entering multiple letters, numbers, symbols, or other characters into a wireless communications device or while sending or reading data on such a device for the purpose of nonvoice interpersonal communication…." Florida Statutes § 316.305(3)(a). As a result of this observation, an HCSO deputy initiated a probable cause traffic stop of CUERO GAMBOA's vehicle.

8.     During the course of the traffic stop, CUERO GAMBOA confirmed that he was using his using his cellphone while driving in a manner in violation of Florida law. CUERO GAMBOA was asked for consent to search his vehicle and CUERO GAMBOA voluntarily agreed to do so. During the consent search of the vehicle, the HCSO recovered two boxes. Inside of those two boxes were six plastic containers – three in each box. Within each of those containers were two brick-shaped packages. Field tests of the packages were positive for the presence of fentanyl. The gross weight of these twelve packages was approximately 14.18

3

kilograms. A photo of the seized kilograms is depicted below:



9.     In a recorded post-*Miranda* statement, CUERO GAMBOA admitted to agents that he knew there were controlled substances in the packages and that he was to deliver the packages to another person.

10.     Based on the foregoing, I submit that there is probable cause that

CUERO GAMBOA possessed with intent to distribute 400 grams or more of a

mixture and substance containing a detectable amount of fentanyl, in violation of 21

U.S.C. § 841(a)(1), (b)(1)(A)(vi).


_____
CASEY ALBANESE, SPECIAL AGENT
Drug Enforcement Administration


Affidavit submitted by email and attested to me as true and accurate
by telephone consistent with Fed. R. Crim. P. 4.1, before
me this _____ day of December, 2022.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

5